IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LATRELL ADAMS**                                                                                 **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 4:04CV181LN**

**KIM REECE and LEVI WILLIAMS**                                       **DEFENDANTS**

## <u>ORDER</u>

This cause is before the court on the Plaintiff's Motion for Appointment of Counsel, his Motion for Records, his Motion for Discovery, and his Motion to Amend the Complaint to add Defendants, in this conditions of confinement action brought pursuant to 42 U.S.C. §1983.  With regard to the Motion to Appoint Counsel, unlike criminal cases, for which money is appropriated by Congress or the state legislature to pay attorneys, there is no money appropriated to pay attorneys for civil litigants.  For that reason, there is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in these cases.  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The court considering such a request must specifically consider:

    (1) the type and complexity of this case;

    (2) whether the plaintiff is capable of adequately presenting his case;

    (3) whether the plaintiff is in a position to adequately investigate the case; and,

    (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.

*Ulmer v. Chancellor*, 691 F.2d 209, 212-213 (5th Cir. 1982).

The Plaintiff has alleged that he was denied adequate medical care while housed in the custody of the Defendants.  Claims similar to this are common among §1983 cases; the court considers dozens of medical claims on a regular basis.  The claims are simple and straightforward and involve no complex theory of law which would require legal skills to develop.  Furthermore, a review of the file in this case, including the pleadings, confirms that the Plaintiff is capable of presenting the instant claims with limited assistance from the court.

The undersigned is, therefore, of the opinion that the Plaintiff will be able to effectively present his claims at trial, since the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence.  The resolution of this case will hinge on the credibility determination which the court makes at trial and primarily the analysis of the applicable law regarding these claims, as well as the medical records of the Plaintiff.

Because the court will assist the Plaintiff in obtaining his necessary evidence and witnesses, the court believes at this time that the Plaintiff will be able to adequately investigate the case.  No prejudice which will affect the outcome of this case will result to the Plaintiff as a result of his incarceration.  Moreover, the court will soon hold an omnibus hearing in this matter, in which the court will examine the Plaintiff as to his claims and enter an order directing the course of further proceedings in this matter.  The denial of the Plaintiff's Motion for Appointment of Counsel at this time is without prejudice to the Plaintiff's right to request a reconsideration of the Motion at the omnibus hearing.

The Plaintiff has requested leave to amend his Complaint to add as Defendants Billy Sollie, Ward Calhoun, and the Lauderdale County Medical Department.  As the request was made before the Defendants had answered, the court must allow this amendment as a matter of right.  However,

there is no entity called "the Lauderdale County Medical Department;" therefore, it will not be added as a Defendant. The court will determine at the omnibus hearing whether defense counsel will accept process on these Defendants.

The Motion for Records requests a copy of all documents, files, records, motions pertaining to this case. Any documents filed by the Defendants should be served on the Plaintiff, and he should already have those copies. There is no explanation as to why the Plaintiff does not have copies of the documents that he filed. Therefore, the Motion will be denied.

Finally, the Plaintiff has filed a Motion for Discovery, seeking copies of the information he sent to the court. Again, there is no explanation as to why the Plaintiff does not have these documents. According to the Motion, he needs these documents to prepare for the Omnibus Hearing. However, the Omnibus Hearing is not to determine the merits of the Plaintiff's case. The purpose of the Omnibus Hearing is to permit the Plaintiff to explain, in person, the nature of his claim, so that the court may set a schedule for further proceedings. Therefore, this Motion will also be denied.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion for Discovery, his Motion for Court Appointed Attorney, and his Motion for Records are hereby **denied**.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Amend is hereby **granted** as to Billy Sollie and Ward Calhoun, but **denied** as to Lauderdale County Medical Department.

IT IS SO ORDERED, this the 19th day of January, 2006.

    S/Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE