**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LATRELL ADAMS**                                                                   **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 4:04CV181LN**

**KIM REECE and LEVI WILLIAMS**                                    **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William Hammack. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

    1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff, Latrell Adams, has alleged that he was attacked while in custody at the Lauderdale County Detention Center, when Officer Levi Williams opened the door to his cell and allowed another inmate, Jeffery Christian, to enter and assault him. According to Adams, Christian assaulted him because Adams had earlier

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

fought with a friend of Christian's. Adams claims that watched the fight, rather than break it up. Adams also alleges that conditions at the Lauderdale County Detention Center are unsanitary. Finally, he alleges inadequate medical care. In particular, Adams claims that Kim Reece denied him dental care for a tooth that he and a cellmate finally extracted.

The Plaintiff moved for leave to amend his Complaint to add as Defendants Billy Sollie, Ward Calhoun, and the Lauderdale County Medical Department. The court has granted the amendment as to the individuals. Counsel for Defendants Reece and Williams has agreed to answer the Amended Complaint on behalf of Sollie and Calhoun.

    2.    **<u>DISCOVERY ISSUES and PENDING MOTIONS</u>**

The Defendants shall provide the Plaintiff a copy of his medical and jail records from the Lauderdale County Detention Center on or before March 31, 2006. The Defendants shall also provide to the Plaintiff a copy of any disciplinary reports or grievances that resulted from the incident between Adams and Christian. The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

    3.    **<u>TRIAL WITNESSES</u>**

The Plaintiff requested that Cedric Heidelberg, Tracy Fluker, and Jeffery Christian, thought to be incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter. Adams did not have the MSP number of any of these inmates, nor did he know where they

were incarcerated.  However, a search of the MDOC website indicated that prisoners with these names, all of whom were sentenced from Lauderdale County, are incarcerated at the Mississippi State Penitentiary at Parchman.  Defense counsel is to notify the court by February 17, 2006, if these identifications are incorrect:

    1.    Jeffery Christian, #106411
          Mississippi State Penitentiary

    2.    Cedric Heidelberg, #N1592
          Mississippi State Penitentiary

    3.    Tracy Fluker, #42879
          Mississippi State Penitentiary

The court orders that subpoenas *ad testificandum* issue for these persons for the trial of this cause, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

    4.    **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the trial of this action will be held during the calendar that begins on July 17, 2006, and ends on July 31, 2006.

IT IS SO ORDERED, this the 31st day of January, 2006.

                                                    S/Alfred G. Nicols, Jr.
                                UNITED STATES MAGISTRATE JUDGE