IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LATRELL ADAMS**                                                                      **PLAINTIFF**

**VS.**                                                                     **CIVIL ACTION NO. 4:04CV181LS**

**KIM REECE, LEVI WILLIAMS, WARD
CALHOUN and BILLIE SOLLIE**                                         **DEFENDANTS**

## ORDER

This matter is before the court on numerous motions filed by the Plaintiff in this lawsuit challenging the conditions of the Plaintiff's confinement, pursuant to 42 U.S.C. § 1983. The parties appeared and participated in an omnibus hearing before United States Magistrate Judge Alfred G. Nicols, Jr. on January 23, 2006. The basis of this case is the Plaintiff's contention that he was attacked while in custody at the Lauderdale County Detention Center, when Officer Levi Williams opened the door to his cell and allowed another inmate, Jeffery Christian, to enter and assault him. Adams also alleges that conditions at the Lauderdale County Detention Center are unsanitary and that he has been denied adequate medical care. The Plaintiff earlier moved for leave to amend his Complaint to add as Defendants Billy Sollie, Ward Calhoun, and the Lauderdale County Medical Department, and the court granted the amendment as to the individuals.

In the Omnibus Order earlier entered, the court required the Defendants to provide the Plaintiff a copy of his medical and jail records from the Lauderdale County Detention Center on or before March 31, 2006, as well as copies any disciplinary reports or grievances that resulted from the incident between Adams and Christian. The court also ordered writs to be issued for Cedric Heidelberg, Tracy Fluker, and Jeffery Christian, who are also in the custody of the Mississippi

Department of Corrections to testify on his behalf at the trial of this matter. Because the Plaintiff did not have the MSP number of any of these inmates or know where they were incarcerated, the court found inmates with these names through a search of the MDOC website and ordered defense counsel is to notify the court by February 17, 2006, if these identifications were incorrect. The court finally scheduled this matter for trialduring the calendar that begins on July 17, 2006, and ends on July 31, 2006.

Since the entry of the Omnibus Order, the Plaintiff has filed twelve Motions. The court's disposition of those Motions is set out as follows:

1. <u>Motion to Amend Complaint to Name Lauderdale County and/or Lauderdale County Commission as Defendant</u>. The basis of this Motion is the Plaintiff's contention that this entity can be liable "for their dental policy." It has not been established that the alleged failure to provide dental care to the Plaintiff was the result of an official policy. The Motion will be denied at this time; however, the Defendants will provide to the Plaintiff, along with the medical records previously ordered, a copy of the policy of the Lauderdale County Detention Center with regard to dental treatment.

2. <u>Motion to Proceed against Defendants in Official and Individual Capacities</u>. In making the determination as to whether a defendant is being sued in his official or individual capacity, the caption of the complaint, the substance of the claims, the course of the proceedings, and the relief sought should be considered. *Colvin v. McDougall*, 62 F.3d 1316, 1317 (11th Cir. 1995); *Dillon v. Jefferson County Sheriff's Department*, 973 F. Supp. 628, 631 (E. D. Tex. 1997). An allegation that the constitutional claims asserted by the plaintiff were the result of the implementation

of institutional practices and policies is, in essence, a claim against the defendants in their official capacity. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991); *Johnson v.* Kegans, 870 F.2d 992, 998 (5th Cir. 1989); *Dillon*, 973 F. Supp. at 631. Here, the Plaintiff's claims against Reece, Sollie and Calhoun could be characterized claiming liability in their official capacity. There could be no serious claim that Williams could have been implementing official policy by permitting an assault on a prisoner by another inmate. Therefore, the Motion will be granted as to Reece, Calhoun, and Sollie.

3. <u>Motion to Reconsider Naming Lauderdale County Medical Department as Defendant</u>
   This Motion will be denied, as no viable reason for reconsideration has been offered.

4. <u>Motion to Discover Defendants' Witness List and Exhibit List</u>. This Motion will be denied as moot, as the information was provided to the Plaintiff at the Omnibus Hearing.

5. <u>Motion to Limit Defendants' Defenses</u>. This Motion will be denied, as there is no legal basis upon which to limit the Defendants' defenses, any more than the court could numerically limit the Plaintiff's claims.

6. <u>Motion for Discovery</u>. This Motion will be denied, as the information relevant to the Plaintiff's claims has already been ordered to be produced.

7. <u>Motion to Reconsider Denial for Motion for Discovery</u>. This Motion will be granted to the extent that the court will provide the Plaintiff a copy of his Complaint, with the exhibits attached, and a copy of the verification of his prison account.

8. <u>Motion to Reconsider Denial of Appointment of Counsel</u>. This Motion is denied for the same reasons earlier cited.

9. <u>Motion to Amend Court's Ruling Allowing Plaintiff only Three Witnesses for Trial</u>. This Motion is denied at this time. The Plaintiff has asked the court to order two Lauderdale County Detention Center employees to appear at his trial – Sgt. Moss and Officer Bennett. The testimony that the Plaintiff wants from Sgt. Moss, that he had been placed in lockdown, will be established from his jail records. With regard to the testimony of Officer Bennett, the Plaintiff wants to establish that there was no disinfectant passed out to the inmates for a lengthy period of time. In determining whether to order LCDF employees to the Plaintiff's trial, the court must consider whether the testimony sought is so important to the case as to require the absence of prison officials from their jobs. Here, the Plaintiff claims that he caught a rash from the dirty conditions of the jail. Before ordering an employee to testify regarding the cleaning materials given to inmates, the court must review the medical records to determine whether that injury was serious enough to amount to a constitutional violation. Therefore, this Motion will be denied at this time.

10. <u>Motion Petitioning Court to Help Plaintiff with Finding Witnesses' MDOC Numbers and Addresses</u>. This Motion will be denied as moot, as the information has been provided.

11. <u>Motion for Additional Witnesses at Trial</u>. This Motion will be denied, for the reasons explained at the Omnibus Hearing.

12. <u>Motion to Compel</u>.  This pleading was actually entitled "Defendants Have Failed to Abide by Omnibus Discovery Order."  The Plaintiff admits that the Defendants were not required to serve discovery documents on him until March 31, 2006.  He claims that the deadline had expired, which is obviously false.  This Motion will be denied.

IT IS, THEREFORE, ORDERED that the above described Motions will be disposed of in the manner indicated in the discussion.

IT IS SO ORDERED, this the 10th day of March, 2006.

                                                S/James C. Sumner
                                          UNITED STATES MAGISTRATE JUDGE